UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TORRENCE CALDWELL, ) | |
| ) | |
| Plaintiff, ) | No. |
| ) | |
| vs. ) | Judge |
| ) | Magistrate Judge |
| CITY OF CHICAGO, ) | |
| Unknown Chicago Police Officers ) | Jury Demand |
| JOHN DOE, and ) | FILED: MAY 28, 2008 |
| JIM DOE, ) | 08CV3067   PH |
| ) | JUDGE DER-YEGHIAYAN |
| Defendants. ) | MAGISTRATE JUDGE MASON |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The identities of the Defendant-Officers are not known at this time. Both Defendant-Officers are Causcasion males. JOHN DOE is the taller of the two officers.

7. The Defendant-Officers are sued in their individual capacities.

8. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

9. On or about the evening of August 19, 2007, Plaintiff was on his way to his fiancée's home, walking north on Pulaski, between Madison and Washington.

10. As Plaintiff was crossing the street, an unmarked police car pulled up to him and told him to stop.

11. Plaintiff complied with the Defendant-Officers' request, stopping as soon as he had reached the other side of the street.

12. Defendant-Officers were wearing plain clothes with bullet proof vests.

13. Plaintiff was ordered to place his hands on a wall, and Plaintiff followed Defendant-Officers' instructions. The Defendant-Officers pushed Plaintiff against the wall and handcuffed him.

14. Plaintiff was not free to leave.

15. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

16. Plaintiff repeatedly asked Defendant-Officers, "What did I do?" Plaintiff also told them, "I was just walking home...You can't do nothing."

17. Defendant-Officers told Plaintiff that this isn't a free country, and when they tell him to stop he has to stop.

18. Defendant-Officers searched Plaintiff. Defendant-Officers found a CD that the Defendant-Officers apparently presumed was "bootlegged," as they immediately told Plaintiff that it was a felony to possess a bootlegged CD. The CD was the only thing recovered from the search, and the Defendant-Officers did not find any narcotics, weapons, or evidence of criminal activity.

19. Defendant-Officers put Plaintiff in the back seat of the police car.

20. Plaintiff again asked why he was being arrested, telling the officers that he has a job, no felonies, and that he was just walking home. Defendant-Officers refused to answer his question. Defendant-Officer JIM DOE told Plaintiff, "Didn't I tell you to shut the fuck up? We're not talking to you."

21. Defendant-Officer JIM DOE, who was sitting in the passenger seat of the car, turned around and punched Plaintiff in the face at least three to four times, while Plaintiff was still in handcuffs.

22. Plaintiff put his head down, attempting to avoid the blows. JIM DOE continued to strike the back of Plaintiff's head. Plaintiff was also hit in the face with his own cell phone.

23. When JIM DOE finally stopped hitting him, Plaintiff asked JIM DOE why he had hit him. JIM DOE responded: "You want to get your ass whooped again?"

24. Plaintiff also asked JIM DOE what he had done to be arrested. JIM DOE told Plaintiff that he was going to jail for having bootlegged CDs.

25. With Plaintiff in the car, Defendant-Officers drove down Pulaski and passed Kedzie, running every stoplight.

26. Plaintiff knew that a police station was on Harrison and Kedzie, and when they drove past Kedzie Plaintiff realized Defendant-Officers were not taking him to the police station. Plaintiff was afraid for his life, because he thought the Defendant-Officers were taking him somewhere else to beat him badly and leave him there.

27. In response to Plaintiff's questions, Defendant-Officers later told Plaintiff they were not taking him to jail. Defendant-Officers told Plaintiff they were going to leave him in a gang area.

28. Defendant-Officers drove Plaintiff to an alley in the area of 31st and Comiskey, took him out of the car, and searched him again.

29. Defendant-Officers found Plaintiff's pay-stub.

30. Defendant-Officers removed the batteries from Plaintiff's cell phone, took off the handcuffs, and told Plaintiff to walk north through the alley.

31. JIM DOE saw Plaintiff try to read the license plate on his car. JIM DOE then said to Plaintiff, "Get the fuck out of here," and threatened to mace Plaintiff unless he left.

32. JIM DOE also told Plaintiff that he was really "fucking tempted" to hit Plaintiff some more.

33. Plaintiff was able to decipher the license plate number of Defendant-Officers' car: M03354.

34. Plaintiff walked to a gas station, where the clerk called Plaintiff's fiancée for him. Plaintiff's fiancée called the police and an ambulance. Plaintiff waited in the gas station.

35. Plaintiff's eye swelled up from the beating.

36. Another plain-clothes officer came to the gas station and told Plaintiff to leave the gas station.

3

37. The ambulance, police, and Plaintiff's fiancée arrived. An ambulance transported Plaintiff to Mount Sinai Hospital.

38. Plaintiff spoke with an officer at the hospital, and Plaintiff told him about the incident. At the hospital, pictures of Plaintiff's injuries were taken. The officer at the hospital told Plaintiff that someone from OPS would call him so that Plaintiff could file a complaint.

39. Plaintiff filed a complaint with OPS.

40. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

41. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering; and pecuniary damages, including medical expenses and other damages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

42. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

43. Defendant-Officers stopped and seized Plaintiff.

44. Defendant-Officers did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was about to commit a crime or had committed a crime.

45. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

46. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

47. Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

48. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

49. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

50. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – *Monell* Claim against the CITY OF CHICAGO)

51. Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

52. At all times material to this Complaint, there existed in the City of Chicago the following practices, policies and customs:

    a. stopping, detaining, arresting, and searching persons without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis,

    b. arbitrary use of excessive force against suspects, arrestees, detainees and other civilians,

      c.      preparing false and incomplete police reports, and/or not preparing police reports, to cover up police misconduct including unconstitutional searches and seizures,

      d.      a *code of silence* in which police officers fail to report police misconduct,

      e.      said *code of silence* also includes police officers either remaining silent or giving false and misleading information during trials and official investigations to cover up misconduct, and protect themselves and other officers,

      f.      failure to adequately investigate citizen complaints against police officers,

      g.      through the Office of Professional Standards (OPS), conducting inadequate and deficient investigations of citizen complaints of police misconduct in which an officer is rarely disciplined, thereby encouraging even more police misconduct,

53.     The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the CITY OF CHICAGO, the Chicago Police Department, and its police officers.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant CITY OF CHICAGO,

b)     Award Plaintiff compensatory damages,

c)     Award attorneys' fees and costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

54.     The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

55.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded as to All Issues Triable by Jury**

                                                      Respectfully submitted,

                                                     /s/ Lawrence V. Jackowiak
                                                     *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595