**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TORRENCE CALDWELL, | ) | |
| | ) | 08 C 3067 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Der-Yeghiayan |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | Magistrate Judge Mason |
| Defendants. | ) | |

<u>**AGREED MOTION FOR ENTRY OF A PROTECTIVE ORDER**</u>

_____Defendant City of Chicago ("City"), by its attorney Mara S. Georges, Corporation

Counsel for the City of Chicago, and with the agreement of Plaintiff Torrence Caldwell, moves

this Court pursuant to Fed.R.Civ.P. 26(c) and 45 C.F.R. §§ 160 & 164, for entry of a protective

order.  In support, the City states:

1.      The parties anticipate that medical records, or other documents containing or

reflecting medical information, pertaining to the parties and non-parties may be sought and

produced in this matter. The parties also anticipate production in this litigation of confidential

materials, such as employment, disciplinary, and financial records, which is of a sensitive and

non-public nature.

2.      Medical records are protected under the Health Insurance Portability and

Accountability Act of 1996 ("HIPAA"), codified primarily at 18, 26 & 42 U.S.C. (2002), and

attending regulations at 45 C.F.R. §§ 160 & 164 (2000).  The proposed Agreed  Protective Order

addresses the confidentiality and records retention requirements of HIPAA.

3.      Personnel files and records are entitled to protection from disclosure because information contained therein is protected by the Illinois Personnel Records Review Act, 820 ILCS 40/0.01, et. seq., which governs the disclosure of employee personnel files, disciplinary histories, and related information.  These documents are also protected from disclosure by Section 7 of the Illinois Freedom of Information Act, 5 ILCS 140/1, et. seq., which exempts personnel files and documents appropriately contained in personnel files (i.e., disciplinary records) from disclosure, and Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct and Rule 83.53.6 of the Northern District Local Rules[1], which prevent lawyers from making extrajudicial statements the lawyer knows or reasonably should know are  likely to be disseminated by public media, and, if so disseminated, would pose a serious and imminent threat to the fairness of an adjudicative proceeding.  See Proposed Order, ¶ A6.

4.      The proposed Agreed Protective Order also prohibits use or dissemination of files or records marked as "Confidential" for any purpose other than litigation in this case, and requires their return to the producing party at the end of this litigation.

5.      The parties agree to entry of the Agreed Protective Order, a draft of which is attached and will be submitted to the court electronically.

WHEREFORE, Defendant City, with the agreement of Plaintiff, requests that this Court enter the attached Agreed Protective Order.

---

[1]The Committee Comments to the Local Rules acknowledge that it is "difficult to strike a balance between protecting the right to a fair trial and safeguarding the right of free expression." The Committee explains that "[p]reserving the right to a fair trial necessarily entails some curtailment of the information that may be disseminated about a party prior to trial, particularly where a trial by jury is involved."

2

Respectfully submitted,
MARA S. GEORGES,
Corporation Counsel, City of Chicago

By:     **_/s/ Megan K. McGrath_**
        MEGAN K. McGRATH
        Assistant Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-8369
Attorney No.  06288408

3

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TORRENCE CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 3067 |
| vs. | ) | |
| | ) | Judge Der-Yeghiayan |
| CITY OF CHICAGO, et al., | ) | |
| | ) | Magistrate Judge Mason |
| | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED, QUALIFIED HIPAA AND CONFIDENTIAL MATTER PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26(c) and 45 C.F.R. §§ 160 & 164, and for the reasons set forth in the record, the Court hereby finds:

A.    The following words and terms are defined for purposes of this qualified protective order:

1.    "Parties" shall mean plaintiff, defendant City of Chicago, the individual defendants, and any additional party that this court may subsequently recognize as subject to this qualified protective order, and their attorneys.

2.    "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002).

3.    "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

4.    "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

5.    When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or

1

non-party in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

6.  "Confidential Matter" shall mean employment, disciplinary, financial, medical, or other information that is of a sensitive or non-public nature regarding plaintiff, defendant, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action. "Confidential matter" includes, but is not limited to, personnel files, disciplinary actions, histories, files generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as "Complaint Register" files), and related information that are protected by the *Illinois Personnel Records Review Act*, 820 ILCS 40/0.01, *et seq.* (West 2004) and Section 7 of the *Illinois Freedom of Information Act*, 5 ILCS 140/1, *et seq.* (West 2004), as well as personal and family information of police officers, including residential information.

B.  This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.

1.  The Parties shall be familiar with HIPAA and the Privacy Standards.

2.  The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI and/or Confidential Matter of Parties and non-Parties to or from other Parties and non-Parties.

C.  The Parties will abide by the following terms and conditions:

1.  The Parties will not use or disclose the PHI and/or Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

2.  The Parties will store all PHI while it is in their possession according to the Privacy Standards.

3.  The Parties shall, at the termination of this proceeding, return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or dispose of any PHI retained thereafter pursuant to the Privacy Standards. All Confidential Matter produced during the course of this proceeding shall be returned to the producing party within sixty (60) days of the final termination of this action. A producing party denied the return of Confidential Matter pursuant to this order may petition the Court for the costs and fees of compelling such return.

4.  The Parties shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA and the Privacy Standards. The Parties shall release the PHI of the following person:

**Plaintiff: Torrence Caldwell, DOB 29 May 1977**

5.  The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

**"CONFIDENTIAL"**
or
**"CONFIDENTIAL:  DOCUMENT PRODUCED
PURSUANT TO PROTECTIVE ORDER ENTERED IN
08 C 3067"**

No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

6.  Before disclosing PHI documents and/or Confidential Matter, to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

7.  To the extent that a Party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any Confidential Matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

8.  By this Protective Order, the discovering Party does not waive its right to make application to the court, with proper notice, under the procedure set out by the court or under applicable rules, to the responding Party and other Parties to the litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any

other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Fed.R.Civ.P. 26(c).

9.      Nothing in this Protective Order shall be deemed a waiver of the right of any Party to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

10.     This Protective Order may be modified by further written stipulation signed by Parties with approval of this Court or by further order of this Court upon application to the Court with notice.

11.     No restricted or sealed document is to be filed with the Clerk of the Court unless leave of court to file the particular document(s) is specifically obtained by the Court.

ENTER:      _____

SAMUEL DER-YEGHIAYAN
DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT

DATED:    _____