# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TORRENCE CALDWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 3067 |
| | ) |
| CITY OF CHICAGO, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Robert Roth's (Roth) and Defendant Elmer Fabian's (Fabian) (collectively referred to as "Defendant Officers") motion for summary judgment and motion to strike. For the reasons stated below, we deny both motions.

## BACKGROUND

Plaintiff Torrence Caldwell (Caldwell) contends that he was walking down a street in Chicago during the evening of August 19, 2007, when Defendant Officers in an unmarked police car pulled up near him and told him to stop. Caldwell claims that Defendant Officers put him against a wall and handcuffed him. Defendant Officers allegedly searched Caldwell for drugs and found only a CD that the officers

1

concluded was a bootlegged CD. Defendant Officers then allegedly placed Caldwell in the unmarked squad car, telling him they were arresting him for having a bootlegged CD. Caldwell claims that during a following car ride, Fabian turned around and punched Caldwell several times while Caldwell had his hands cuffed behind his back. Caldwell contends that he asked to be taken to jail and Defendant Officers refused. Defendant Officers allegedly drove past the police station and proceeded to another part of town. Defendant Officers then allegedly dropped Caldwell off in what the officers referred to as a gang area. Defendant Officers allegedly took the batteries from Caldwell's cell phone, and told him to start walking. Defendant Officers allegedly threatened Caldwell to keep him walking away so that he could not see the license plate number on the squad car. Caldwell claims that he immediately walked to a gas station where he called his fiancé who then called the police and an ambulance. Caldwell claims that despite Defendant Officers' threats, he was able to view the license plate of the Defendant Officers' squad car. Caldwell brought the instant action against the City of Chicago and Defendant Officers. Caldwell includes in his amended complaint claims brought under 42 U.S.C. § 1983 (Section 1983) for an unreasonable seizure (Count I), Section 1983 excessive force claims (Count II), Section 1983 failure to intervene claims (Count III), a Section 1983 *Monell* claim (Count IV), and an indemnification claim (Count V).

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most

2

favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I.  Personal Involvement/Participation

Defendant Officers argue that they cannot be held liable under Section 1983 since they were not involved personally in the deprivation of Caldwell's constitutional rights.  Defendant Officers cite *Jenkins v. Keating*, 147 F.3d 577 (7th Cir. 1998) for the principle that "'[an] *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.'" *Id.* (quoting *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (1983))(emphasis in original). That principle is correct.  However, in this case there is a genuinely disputed issue as to whether Defendant Officers were personally involved in the alleged constitutional deprivations.

II.  Identification of Defendant Officers

Defendant Officers argue that they are entitled to summary judgment since Caldwell was unable to properly identify Defendant Officers as the wrongdoers. Defendant Officers contend that Caldwell was unable to identify them in photo arrays shown to Caldwell.  Defendant Officers argue that Caldwell's contention that Defendant Officers were the individuals that engaged in the alleged wrongdoing is based on pure speculation.  However, Caldwell has pointed to sufficient circumstantial evidence to raise a genuinely disputed fact as to the identification of Defendant Officers.  Defendant Officers do not dispute that Caldwell did identify Defendant Officers as the wrongdoers at Defendant Officers' deposition.  (R SAF

Par. 2-5). While Defendant Officers dismiss the importance of such an identification and emphasize the importance of the photo arrays, Defendant Officers' opinion relates to the weight that should be given to such evidence, which is an argument that can be made at trial and is an issue for the trier of fact to decide. *See Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007)(indicating that in ruling on a motion for summary judgment, a "district court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial").

Caldwell has provided more than pure speculation for the identification of Defendant Officers and has pointed to sufficient circumstantial evidence to create a genuinely disputed issue as to the identification of Defendant Officers. Only the trier of fact can resolve such genuine factual disputes. Defendant Officers point to their own circumstantial evidence indicating that they were working on another police matter at the time of the alleged incident with Caldwell. However, the weighing of such evidence against the evidence presented by Caldwell is for the trier of fact to conduct. Thus, there is a genuinely disputed fact as to whether Defendant Officers were the individuals that Caldwell contends engaged in wrongful conduct. We note that although Defendant Officers respond with "Disputed" to certain paragraphs of Caldwell's statement of facts, Defendant Officers' responses disagree with only minor aspects of the facts presented by Caldwell and fail to provide a basis to dispute most of the content of the paragraphs. The following facts are undisputed facts, pursuant to Local Rule 56.1, which Caldwell points to as circumstantial evidence to

support his identification of Defendant Officers:

(1) After the incident on the night in question, Caldwell went to a gas station to seek help and wrote down license plate numbers that included M03354. (R SAF Par. 7); (SF Par. 30-33). Defendant Officers contend that the evidence shows that Caldwell wrote down three license plate numbers. (SF Par. 33-34).

(2) Caldwell said in a statement to the Office of Professional Standards and at his deposition that the officers in question were driving a dark-colored Crown Victoria with license plate number MO3354 or MO3364. (R SAF Par. 6). On the night in question, Defendant Officers were assigned to an unmarked, black Ford vehicle with the license plate number M03354. (R SAF Par. 7, 9); (SF Par. 44).

(3) Caldwell described one of the officers that engaged in the alleged wrongful conduct as a short, white male, possible of Greek or Italian descent, with dark hair who was wearing plain clothes on the night of the incident. (R SAF Par. 10). Defendant Officer Fabian is 5'3" tall, Hispanic, has dark hair and was assigned to a gang team that patrolled in civilian clothes on the night in question. (R SAF Par. 11).

(4) Caldwell described the second officer involved in the alleged wrongful conduct as a white male, 6'1" to 6'2" tall with a bald head. (R SAF Par. 12). Defendant Officer Roth is Caucasian, 6'1" tall and bald and was assigned to a gang team that patrolled in civilian clothes on the night in

6

question. (R SAF Par. 13).

Defendant Officers also argue that they are entitled to summary judgment consistent with other cases in which plaintiffs were unable to properly identify the alleged wrongdoers. Defendant Officers cite *Harper v. Albert*, 400 F.3d 1052 (7th Cir. 2005), *Moore v. City of Chicago*, 2007 WL 3037121 (N.D. Ill. 2007), and *Stepan v. City of Evanston*, 1993 WL 210534 (N.D. Ill. 1993). (SJ Mem. 6-8). However, in those cases, the involvement of the defendants in question was based mainly on speculation. 400 F.3d at 1065, 2007 WL 3037121, at 8*-9*; 1993 WL 210534, at *4. As explained above, Caldwell's identification of Defendant Officers is based on circumstantial evidence and on more than mere speculation. Thus, Caldwell has shown that there is a genuine issue of material fact in this case. *Celotex Corp.*, 477 U.S. at 323.

Defendant Officers also moved to strike certain responses by Caldwell to Defendant Officers' statement of facts. Defendant Officers contend that Caldwell has a conclusory affidavit in which he attempts to explain why he could not identify Defendant Officers in the photo arrays. However, as explained above, the lack of identification in the photo array is not dispositive for the instant motion, and arguments concerning the photo arrays relate to the weight that is to be given to such evidence. Defendant Officers also contend that Caldwell has failed to properly dispute evidence showing that Defendant Officers were working on another police matter at the time in question. However, Caldwell has pointed to both direct and circumstantial evidence to indicate that Defendant Officers were present with him at

7

the time in question. As indicated above, the identification issue is genuinely disputed. Defendant Officers also make an objection to a declaration not attached by Caldwell, which has been remedied. Defendant Officers also make one minor objection concerning Paragraph 30 of Caldwell's statement of fact that is immaterial for the purposes of the instant motion. Thus, Defendant Officers' motion to strike is denied.

III. Qualified Immunity

Defendant Officers argue that they are also entitled to summary judgment based on qualified immunity. To determine whether an officer is entitled to qualified immunity, a court must consider "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right, and (2) if so, whether that right was clearly established at the time of the defendant's alleged misconduct." *Akande v. Grounds*, 555 F.3d 586, 590 (7th Cir. 2009)(internal quotations omitted). Defendant Officers argue that since Caldwell misidentified them and they were never present at the scene in question, they could not have deprived Caldwell of any constitutional right. Defendant Officers do not argue that the facts alleged by Caldwell is not a violation of a constitutional right or that the right was not clearly established at the time of the alleged misconduct. Defendant Officers merely contend, in support of their request for qualified immunity, that they were not even a party to the violation of the alleged constitutional right. In light of the above ruling relating to the identification of Defendant Officers, there is a genuinely

factual issue for the trier of fact to resolve, and Defendant Officers have not presented sufficient justification for a ruling in their favor based on qualified immunity. Therefore, based on the above, we deny Defendant Officers' motion for summary judgment.

## CONCLUSION

Based on the foregoing analysis, we deny Defendant Officers' motion for summary judgment.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 31, 2009