IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TORRENCE CALDWELL, )
)
    Plaintiff, )
)
    v. ) No. 08 C 3067
)
CITY OF CHICAGO, et al., )
)
    Defendants. )

MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Plaintiff Torrence Caldwell's (Caldwell) and Defendants' motions in limine. For the reasons stated below, we grant in part and deny in part the motions.

DISCUSSION

I. Caldwell's Motion in limine

Caldwell requests that the court bar evidence regarding his criminal history, including six prior arrests. Caldwell argues that such evidence would be overly prejudicial, would be used to insinuate he has a bad character, and would be

1

inadmissible under Federal Rules of Evidence 403 (Rule 403) and 404(b) (Rule 404(b)). Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Fed. R. Evid. 404(b). In determining whether to admit Rule 404(b) evidence, a court must consider whether "(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice." *United States v. Diekhoff*, 535 F.3d 611, 617 (7th Cir. 2008)(quoting *United States v. Simpson,* 479 F.3d 492, 498 (7th Cir. 2007)).

    Defendants argue that evidence of Caldwell's prior arrests is admissible to

rebut Caldwell's claims seeking damages for emotional distress. Defendants contend that the fact that Caldwell has been arrested by law enforcement on prior occasions is relevant to his assertions as to the distress he suffered from the arrest at issue in the instant action and that such evidence is not overly prejudicial. Defendants also contend that Caldwell's prior arrests are admissible under Rule 404(b) since they relate to his credibility, intent, and motive. In addition, Defendants argue that such arrests undermine Caldwell's credibility as to the emotional distress he claims to have suffered and that such prior arrests show a bias that gives Caldwell a reason to sue innocent officers.

    The prejudice resulting from the introduction of evidence of Caldwell's prior arrests outweighs the limited relevance such evidence would have in this case. As Caldwell points out, he alleges in this case to have been seized by police at night and placed in handcuffs in the back of an unmarked police car. Caldwell contends that the officers sped through traffic lights past the area where the police station was located and when Caldwell asked what he did wrong and where they were taking him, he was punched in the face and head. Caldwell contends that during the ride he actually asked to be taken to jail. Caldwell further contends that the officer eventually dropped him off in an alley in a high crime area, took the batteries from his cell phone and told him to start walking and to not look back. Defendants have

not shown that any of Caldwell's prior arrests involved even remotely similar facts and Caldwell contends that none of his prior arrests involved excessive force or similar circumstances. (P Reply 2). Caldwell is not alleging in this case that he suffered emotional distress from a routine arrest and transportation to the police department. *See, e.g., Moore v. City of Chicago*, 2008 WL 4549137, at *1 (N.D. Ill. 2008)(stating that "to be relevant, the arrests must be substantially similar and the court must conduct a prejudice analysis"). Defendants have not shown that the probative value of the evidence of Caldwell's prior arrests would outweigh any prejudice.

In regard to Defendants' argument that evidence of the prior arrests can be introduced to show a bias against police and a motive to falsely accuse officers of wrongdoing, Defendants have not offered any specific details regarding Caldwell's prior arrests that would show any particular bias against police. Based on such an argument, the entire criminal arrest record of any plaintiff that ever brings suit against a police officer would be admissible to show a potential bias.

Caldwell also contends that none of the six prior arrests led to a conviction and thus he has no prior felony convictions that could be admissible for impeachment under Federal Rule of Evidence 609 (Rule 609). Rule 609(a) provides that "evidence that any witness has been convicted of a crime" shall be admitted in

certain instances for impeachment purposes. Fed. R. Evid. 609(a). Defendants contend that they "may properly pursue testimonial evidence regarding the prior arrests as it would be relevant for impeachment." (Ans. P Mot. 3). However, as indicated above, Rule 609 allows for the admission of evidence of convictions for impeachment, not arrests. Caldwell contends that he has no criminal convictions, which Defendants have not contested, and Defendants have failed to provide any justification for admitting any evidence of Caldwell's prior criminal history under Rule 609 for impeachment purposes. Therefore, we grant Caldwell's motion to bar evidence of his prior criminal history. However, if at trial Caldwell opens the door by introducing evidence that tends to show that he has no criminal history, then Defendants can renew their motion to introduce evidence of his prior arrests, but in such a case, such evidence will be limited to the introduction of the number of arrests as opposed to details of the arrests.

II. Defendants' Motions in Limine

A. Unopposed Motions (Mot. In Lim. 1, 8, 9, 10)

Defendants request in Defendants' motion in limine number 1 that the court exclude all witnesses, other than the parties, from the courtroom during the opening

statements and testimony of any and all other witnesses. Defendants request in Defendants' motion in limine number 8 that the court bar evidence concerning civilian complaints, witnesses, lawsuits, or other disciplinary proceedings in the past or pending against Defendants. Defendants request in Defendants' motion in limine number 9 that the court bar Caldwell's counsel from creating adverse trial publicity against Defendants by speaking to the media. Defendants request in Defendants' motion in limine number 10 that the court bar Caldwell from introducing evidence of his good character. Caldwell does not oppose Defendants' motions in limine 1, 8, 9, or 10, (Ans. D Mot. 1, 8-10), and we grant the motions.

### B. Send a Message Arguments (Mot. In Lim. 2)

Defendants request in Defendants' motion in limine number 2 that the court bar Caldwell from arguing that the jury should punish, admonish, warn, discourage, or send a message to the City. Defendants argue that such an argument would suggest to the jury that it award punitive or exemplary damages against the City. Defendants contend that since Caldwell cannot recover punitive or exemplary damages from the City pursuant to 745 ILCS 10/2-102, such an argument would be improper. We agree that such an argument would be inappropriate. Therefore, we grant Defendants' motion in limine number 2.

C. Unrelated Police Misconduct (Mot In Lim. 3)

Defendants request in Defendants' motion in limine number 3 that the court bar Caldwell from referring to other police misconduct, criminal investigations, or publicized scandals not connected to the allegations in this case. Caldwell contends that Defendants' motion is premature and that other misconduct may turn out to be relevant. Caldwell has not shown, however, why other police misconduct would be relevant in this case and why it would not be overly prejudicial. Therefore, we grant Defendants' motion in limine number 3.

D. Commenting on Missing Evidence (Mot. In Lim. 4)

Defendants request in Defendants' motion in limine number 4 that the court bar Caldwell from conveying to the jury that Defendants are hiding exculpatory evidence by choosing not to call a particular witness or present certain evidence. Caldwell contends that it is an accepted routine tactic to point to missing testimony and evidence of an opponent. We agree that it would be improper for Caldwell to insinuate without evidentiary support that Defendants are purposefully attempting to hide evidence and it would be improper to ask the jury to speculate about the absence of evidence. Therefore, we grant Defendants' motion in limine number 4. We are not barring Caldwell from arguing that there are deficiencies in Defendants' case due

to the absence of testimony by certain individuals or the absence of certain evidence. We are merely ruling that it would be improper for Caldwell to insinuate that Defendants are purposefully hiding evidence or to imply that Defendants bear the burden of proof. The court will instruct the jury as to Caldwell's burden of proof.

### E. Code of Silence (Mot In Lim. 5)

Defendants request in Defendants' motion in limine number 5 that Caldwell be barred from presenting evidence showing that police generally protect or cover up for each other and that there is a code of silence in the City Police Department. Caldwell has not pointed to sufficient evidence to show that there is a code of silence or to justify the introduction of such inflammatory evidence at trial. In addition, Caldwell has not shown that the probative value of evidence of a general code of silence in the police department would outweigh the prejudice to Defendants. However, Caldwell may present evidence, if any, of officer cover-up of the incident in question in this case. Therefore, we grant Defendants' motion in limine number 5.

### F. Department Rules, Policies, Regulations, or Orders (Mot. In Lim. 6)

Defendants request in Defendants' motion in limine number 6 that the court bar Caldwell from referencing any violation of City Police Department Rules,

Policies, Regulations or General Orders. Defendants argue that to the extent that there are any such violations, it would not prove any wrongful conduct by Parker. While such violations may not prove in and of themselves wrongful conduct or constitutional deprivations, it is possible that they could be relevant and admissible at trial. It would be premature to bar all such evidence in advance of trial. Therefore, we deny Defendants' motion in limine number 6 without prejudice.

### G. Expert Testimony by Dr. Thomas Widell (Mot. In Lim. 7)

Defendants request in Defendants' motion in limine number 7 that the court bar Caldwell from presenting any undisclosed opinions, diagnosis, or testimony concerning causation by any medical expert or Dr. Thomas Widell, Caldwell's treating physician. Defendants contend that Caldwell never disclosed any medical expert witness. *See Musser v. Gentiva Health Services*, 356 F.3d 751, 757 (7th Cir. 2004)(stating that "a treating doctor (or similarly situated witness) is providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation"). We grant Defendants' motion in limine number 7. Although Widell can testify as to his personal observations, diagnoses, and treatment concerning Caldwell, Widell cannot

testify concerning opinions that he has subsequently formed or testify concerning any causation issues.

### H. Testimony as to Emotional or Medical Conditions (Mot. In Lim. 11)

Defendants request in Defendants' motion in limine number 11 that the court bar witnesses without medical training from testifying about any emotional or medical diagnoses, conditions, or future prognoses. Caldwell can offer testimony concerning personal observations of his injuries, but he cannot offer opinions or conclusions that would entail expert medical testimony. Therefore, we grant Defendants' motion in limine number 11.

## CONCLUSION

Based on the foregoing analysis, we grant Caldwell's motion in limine. We also grant Defendants' motions in limine 1-5, and 7-11. We deny without prejudice Defendants' motion in limine 6.

                                              _____
                                              Samuel Der-Yeghiayan
                                              United States District Court Judge

Dated: January 28, 2010